UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | 2:22-cv-02539 | Date | June 17, 2022 |
|---|---|---|---|
| Title | *Jose Alvarez et al. v. FCA US, LLC et al.* | | |

## JS-6

Present: The Honorable  STEPHEN V. WILSON, U.S. DISTRICT JUDGE

| Paul M. Cruz | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| N/A | N/A |

Proceedings:   **ORDER GRANTING MOTION FOR REMAND [24]**

### I.   INTRODUCTION

Before the Court is an action filed by Plaintiffs Jose Alvarez and Barbara Ramirez ("Plaintiffs") against Defendants FCA US, LLC ("FCA") and ARM&J Corporation d/b/a Puente Hills Chrysler Dodge Jeep Ram ("Puente"). *See* Ex. A, Compl., ECF No. 1-2.

Plaintiffs filed this case in Los Angeles County Superior Court on April 16, 2019. *Id.* On March 23, 2022, Plaintiff dismissed Puente as a defendant. Not. Removal, ECF No. 1, ¶ 14. Asserting diversity jurisdiction, FCA removed the action to this Court on April 15, 2022. *See* Not. Removal. Plaintiffs filed a Motion to Remand on May 10, 2022, claiming that removal was untimely due to the one-year limit on removal based on diversity jurisdiction in 28 U.S.C. Section 1446(c)(1). *See* Mot. Remand, ECF No. 24.

For the below reasons, Plaintiffs' motion is GRANTED.

### II.   FACTUAL AND PROCEDURAL BACKGROUND

Arising out of their 2016 purchase of a vehicle from Puente Dealership, Plaintiffs assert claims for breach of express and implied warranties under the Song-Beverly Act and a claim for fraudulent

:

Initials of Preparer

PMC

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:22-cv-02539 | Date | June 17, 2022 |
|---|---|---|---|
| Title | *Jose Alvarez et al. v. FCA US, LLC et al.* | | |

inducement via concealment. *See* Compl. ¶¶ 2-12, 175-226. Plaintiffs and Puente are citizens of California, whereas FCA is not. Not. Removal ¶¶ 44-51; Compl. ¶ 7.

The case was originally filed in Los Angeles Superior Court on April 16, 2019, Not. Removal ¶ 2, and Defendants were served on April 18, 2019. Not. Removal ¶ 4; Ex. U, Proof of Service, ECF No. 1-22. Though FCA answered the Complaint on September 24, 2019, Puente did not answer the Complaint until February 17, 2022. *See* Ex. OO, Answer, ECF No. 1-42; Not. Removal ¶ 12. However, Plaintiffs never pursued Default Judgment against Puente. Not. Removal ¶¶ 11-12. Puente then filed a Motion to Compel Arbitration on February 24, 2022. *Id.* ¶ 13. Rather than oppose the Motion, Plaintiffs dismissed Puente on March 23, 2022, leaving FCA as the only remaining defendant. *Id.* ¶ 14.

On April 15, 2022, with Puente dismissed, Defendant FCA removed the case to this Court based on diversity jurisdiction. *See id.* Plaintiffs then filed the instant motion.

### III.   DISCUSSION

#### A.   LEGAL STANDARD

Federal courts are courts of limited jurisdiction. Accordingly, "[t]hey possess only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). The federal removal statute grants removal of "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441. "The defendant bears the burden of establishing that removal is proper" and removal statutes must be "strictly construed against removal." *Provincial Gov't of Marinduque v. Placer Dome, Inc.*, 582 F.3d 1083, 1087 (9th Cir. 2009).

As noted above, FCA removed the action to this Court pursuant to 28 U.S.C. § 1441, asserting diversity jurisdiction. For actions removed based on diversity jurisdiction, removal is not permitted beyond one year from the commencement of the action, "unless the district court finds that the plaintiff

:

Initials of Preparer   PMC

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:22-cv-02539 | Date | June 17, 2022 |
|---|---|---|---|
| Title | *Jose Alvarez et al. v. FCA US, LLC et al.* | | |

acted in bad faith in order to prevent a defendant from removing the action." 28 U.S.C. § 1446(c)(1).

Thus, FCA must establish that Plaintiffs acted in bad faith to prevent removal. *See id.* FCA bears a "heavy burden" in doing so. *Anderson v. FCA US LLC*, 2021 WL 2822398 at *3 (C.D. Cal. July 6, 2021); s*ee also Heacock v. Rolling Frito-Lay Sales, LP*, 2016 WL 4009849 at *3 (W.D. Wash. July 27, 2016). Courts within the Ninth Circuit generally consider three factors in evaluating whether a plaintiff acted in bad faith: (1) the timing of naming and dismissing the non-diverse defendant, (2) the explanation given for dismissal, and (3) whether the plaintiff actively litigated the case in 'any capacity' against the non-diverse defendant. *Torres v. Honeywell, Inc.*, 2021 WL 259439 at *3 (C.D. Cal. January 25, 2021) (quoting *Heacock*, 2016 WL 4009849 at *3).[1]

### B. APPLICATION

Considering the balance of the bad faith factors as discussed below, Plaintiff's conduct does not amount to bad faith. For this reason, the Court finds that FCA's removal was untimely pursuant to 28 U.S.C. § 1446(c)(1).

#### 1. Timing of Naming and Dismissal

First, the timing of naming and dismissal weighs heavily in Plaintiffs' favor. Puente was named and served from the outset of the action, suggesting good faith. *See* Ex. U, Proof of Service; *NKD Diversified Enterprises, Inc. v. First Mercury Ins. Co.*, 2014 WL 1671659 at *4 (E.D. Cal. April 28, 2014) (suggesting good faith "where Plaintiff originally named a defendant against who[m] they had a valid cause of action at the commencement of the action[.]"). In *Heller*, by contrast, a plaintiff's failure to serve the non-diverse defendant suggested bad faith. *See Heller*, 2016 WL 1170891 at *3.

Further, Puente was dismissed almost three years after the commencement of the action—almost

---

[1] The Ninth Circuit has not yet set a standard for the bad faith inquiry. *See Kolova v. Allstate Insurance Company*, 438 F.Supp.3d 1192, 1196 (W.D. Wash. 2020).

:
_____   _____
Initials of Preparer
PMC

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:22-cv-02539 | | Date | June 17, 2022 |
|---|---|---|---|---|
| Title | *Jose Alvarez et al. v. FCA US, LLC et al.* | | | |

two years beyond the one-year limit for removals based on diversity. *See* Not. Removal; 28 U.S.C. 1446(c)(1). This also weighs against bad faith, suggesting some motivation other than jurisdictional gamesmanship. *See Torres v. Honeywell*, 2021 WL 259439 at *3 ("Plaintiffs gained no jurisdictional benefit by waiting two additional years before dismissing [the non-diverse party]").

Accordingly, the timing of naming and dismissing Puente weighs against a finding of bad faith.

### 2. Explanation for Dismissal

Second is Plaintiffs' explanation for dismissal. Plaintiffs explain that they dismissed Puente in response to Puente's Motion to Compel Arbitration, which Plaintiffs believed was likely to be granted. Mot. Remand at 13. A party's desire to avoid potential arbitration is considered a valid reason for dismissal, even in cases with a more remote possibility of arbitration. *See Kalfsbeek Charter v. FCA US, LLC*, 540 F. Supp. 3d 939, 945 (C.D. Cal 2021) (finding valid the plaintiff's explanation that she dismissed a case to avoid arbitration based on a California appellate court's ruling in an unrelated case); *Anderson*, 2021 WL 2822398 at *4; *Renovato v. FCA US LLC*, 2021 WL 2910507 at *2 (C.D. Cal. June 15, 2021).

FCA offers no evidence to suggest that Plaintiffs' sole explanation is somehow invalid or otherwise suggestive of bad faith. *See, e.g., Heller*, 2016 WL 1170891 at *3 (finding bad faith where a plaintiff provided inconsistent explanations for why a non-diverse defendant was not dismissed earlier). Indeed, FCA accepts Plaintiffs' explanation, *see* Not. Removal ¶ 59, but argues that Plaintiffs were not yet faced with forced arbitration because the motion was still pending. Opp'n at 10:2-6, ECF No. 28. This distinction is inapposite, however, because Plaintiffs' reason for dismissal is valid regardless. *See Kalfsbeek*, 540 F. Supp. 3d at 945. As other cases have noted, the Court need not second-guess Plaintiffs' litigation strategy. *See id.*; *see Aguayo*, 59 F.Supp.3d at 1275-76 ("[T]he Court does not want to open the plaintiff up to intrusions into its attorneys' strategy").

For these reasons, Plaintiffs' explanation for dismissal weighs against a finding of bad faith.

### 3. "Actively Litigated"

|  | : |
|---|---|
| Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:22-cv-02539 | Date | June 17, 2022 |
|---|---|---|---|
| Title | *Jose Alvarez et al. v. FCA US, LLC et al.* | | |

Third, though the "actively litigated" factor presents a closer question, it similarly militates against a finding of bad faith: Plaintiffs actively litigated the case against Puente by first, pursing viable claims against Puente, and second, attempting to take discovery from Puente.

First, Plaintiffs maintained a legally viable basis for bringing claims against Puente. Though FCA challenges the validity of the express warranty claim against Puente, FCA notably does not challenge the implied warranty or fraudulent inducement by concealment claims against Puente. Indeed, such claims are generally viable in this context. *See, e.g., Chipley v. Ford Motor Co.*, 2018 WL 1965029, at *2 (N.D. Cal. Apr. 26, 2018) (implied warranty claim) (collecting cases); *Bourgi v. West Covina Motors, Inc.*, 166 Cal. App. 4th 1649, 1655 (2008), *as modified on denial of reh'g* (Oct. 23, 2008) (concealment claim).

Second, Plaintiffs "actively litigated" by attempting to take discovery. Plaintiffs had attempted to take depositions of Puente's Person Most Qualified and various other employees beginning in November 2021. Mot. Remand at 10 (citing Declaration of Phil A. Thomas ¶¶ 14-16, ECF No. 24-2). Plaintiffs made three attempts to take depositions, Puente served objections and otherwise did not make witnesses available for the noticed date. *Id.* Eventually, Plaintiffs filed a Motion to Compel the depositions on April 7, 2022. *Id.* Even though the depositions never took place, Plaintiffs's attempts indicate that they "actively litigated" their claims against Puente. *See NKD Diversified*, 2014 WL 1671659, at *6 ("Although the deposition did not take place, considering the totality of the circumstances, this is insufficient to find bad faith on the part of Plaintiffs.")

In response, FCA argues that this discovery was minimal relative to the discovery sought from FCA. On the facts before the Court, this is unpersuasive. Of course, attempting to take more discovery would more clearly suggests good faith, but nothing about Plaintiffs' attempts renders them insufficient here. *See Kalfsbeek*, 540 F. Supp. 3d at 944 (citing *Heacock*, 2016 WL 4009849, at *4); *see also Aguayo*, 59 F. Supp. 3d at 1275 ("[A]ny non-token amount of discovery… entitles the plaintiff to the presumption [of good faith.]")

|  | : |
|---|---|
| Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:22-cv-02539 | Date | June 17, 2022 |
|---|---|---|---|
| Title | *Jose Alvarez et al. v. FCA US, LLC et al.* | | |

Finally, FCA argues that Plaintiffs' decision not to seek a default judgment against Puente indicates bad faith. In light of Plaintiffs' other litigation efforts, however, which fail to suggest any bad faith, FCA fails to explain why Plaintiffs need to have sought judgment against Puente. The weight of relevant authority suggests otherwise. *See Aguayo*, 59 F. Supp. 3d at 1283 *see also Torres*, 2021 WL 259439 at *3 (finding no bad faith despite Plaintiffs failing to seek default judgment or take formal discovery).

Ultimately, "[c]ourts have interpreted the active litigation requirement broadly, finding bad faith only where the plaintiff has not litigated the claim '*in any capacity.*'" *Anderson*, 2021 WL 2822398 at *4 (quoting *Heacock,* 2016 WL 4009849, at *4). Though Plaintiffs' efforts here were somewhat limited, it cannot be said that they failed to litigate the claim "in any capacity." For this reason, the Court finds that the active litigation factor weighs in favor of a finding of good faith here.

### 4. Balancing

As evident from the above discussion, the balance of the above factors weighs in Plaintiffs' favor. The Court finds that FCA has failed to meet its "heavy burden" to establish that Plaintiff joined Puente in a bad faith attempt to thwart removal. *See Anderson*, 2021 WL 2822398 at *3. Accordingly, the bad faith exception does not apply here. *See* 28 U.S.C. § 1446(c)(1).

### IV. CONCLUSION

In light of the inapplicable bad faith exception, the Court concludes that FCA's removal was untimely: it was based on diversity jurisdiction, and occurred more than one year after the commencement of the action, in violation of the removal statute. Plaintiffs' Motion for Remand is therefore GRANTED.

**IT IS SO ORDERED.**

|  | : |
|---|---|
| Initials of Preparer | |
| | PMC |